United States v. Figueroa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
                DENNY CHIN,
                SUSAN L. CARNEY,
                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        *Appellee*,

        -v.-                                     10-3248

RAKEEM FIGUEROA, AKA Rawly,

        *Defendant-Appellant*,

RASHEEN JONES, AKA Easy, JAMEL JORDAN,
AKA Jigga,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                     Katherine Alfieri,
                                        New York, NY


**FOR APPELLEE:**                      Amy Busa, Celia A. Cohen,
                                        Assistant United States
                                        Attorneys, <u>for</u> Loretta E. Lynch,
                                        United States Attorney,
                                        Eastern District of New York,
                                        Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Rakeem Figueroa appeals from a 48-month sentence of imprisonment entered in the United States District Court for the Eastern District of New York following his conviction of multiple counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Figueroa argues that the sentence was procedurally unreasonable because the district court miscalculated the amount of drugs attributable to him. The quantity of drugs attributable to a defendant is a question of fact which we review for clear error. See <u>United States v. Richards</u>, 302 F.3d 58, 70 (2d Cir. 2002). "[I]f the evidence--direct or circumstantial--supports a district court's preponderance determination as to drug quantity, we must sustain that finding." <u>United States v. Jones</u>, 531 F.3d 163, 175 (2d Cir. 2008). "[I]n reviewing a legal challenge to a quantity finding we are mindful of the Guidelines' express instruction that where there has been no seizure of narcotics, or where the quantity seized does not reflect the true scale of the offense, a sentencing judge should approximate the relevant drug quantity." <u>Id.</u> (internal quotation marks omitted). In making that approximation, "the court has broad discretion to consider all relevant information." <u>United States v. Blount</u>, 291 F.3d 201, 215

2

(2d Cir. 2002).

The district court's finding that Figueroa was responsible for more than 50 grams of crack cocaine was not clearly erroneous. Through undercover drug buys, NYPD officers purchased from (or observed in the possession of) Figueroa and his co-conspirators only marginally less than 50 grams of crack. But in addition, Figueroa admitted at trial that he sold to customers other than the undercover officers, that he frequently purchased approximately 3.5 grams of crack at a time, and that he aimed to sell a significant amount of that per day. This was ample evidence to support the district court's finding.

**[2]** Figueroa also challenges his sentence as substantively unreasonable. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Figueroa provides no reason why his substantially below-Guidelines sentence was excessive. See United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

We have considered Figueroa's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3